UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES S. MURPHY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-CV-120-JAR |
| AJINOMOTO WINDSOR, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for appointment of counsel (Doc. No. 12). The motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff's briefing and handling of the case to date suggests he is capable of representing his own interests. Should Plaintiff seek the appointment of counsel at a later stage in the proceedings, he will be required to provide the Court with a sworn statement itemizing what efforts he has made to obtain legal counsel, providing the names of attorneys with whom he has discussed representation and the dates and results of such discussions.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel (Doc. No. 12) is **DENIED** without prejudice.

Dated this 25th day of January, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE