UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| JAMES S. MURPHY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:15-CV-120-JAR |
| AJINOMOTO WINDSOR, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 13). The motion is fully briefed and ready for disposition. For the reasons stated herein, Defendant's motion will be granted in part and denied in part.

**Background**

Plaintiff James Murphy, a pro se litigant, asserts a litany of claims related to his employment with Defendant Ajinomoto Windsor, Inc. (hereinafter "Windsor"). Plaintiff worked for Windsor until he was suspended without pay on June 1, 2015. In Plaintiff's amended complaint, he alleges individual and collective wage and hour law violations, breach of contract, ERISA violations, and a claim for "retaliation." Defendants move for dismissal of each of Plaintiff's claims.

Plaintiff claims that Windsor utilizes two timekeeping systems for employees: one by which employees allegedly "sign in," and one by which employees "clock in." Plaintiff alleges that Windsor utilizes two systems so that they can "pick what time they want to use." (Doc. No. 10 at 7.) Plaintiff further alleges that employees are forced to perform compensable activities

1

prior to the start of their shift, including donning appropriate work gear, washing equipment, and sanitizing all non-fabric items; and following the end of their official shift, including doffing protective gear, a hair net, beard net, and frock, washing off production materials, and walking to the locker room to store materials. Plaintiff also alleges that he and other employees are not compensated for work performed during a 30 minute uncompensated meal period.

In Count I, Plaintiff asserts a claim for violation of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. Plaintiff also asserts claims for breach of contract (Count II) and the Missouri Wage Statute, Mo. Rev. Stat. § 290.505 (Count III), based on the allegation that employees were not fully compensated for all work performed.

In Count IV, Plaintiff alleges an ERISA violation based on the aforementioned alleged failure to pay Plaintiff and other employees for the entirety of their work, which in turn reduced the amount of gross pay percentage matching contributions. Finally, Plaintiff includes a fifth count in his amended complaint for "retaliation." He proceeds to allege approximately fifteen pages of additional facts relating to the specific circumstances of his employment, disciplinary action taken against him, and personal conflicts with coworkers—events which, according to Plaintiff, ultimately reached a crescendo when Plaintiff was suspended without pay in 2015. At various points in Count V, Plaintiff appears to implicate the Workers' Compensation Act, Mo. Rev. Stat. § 287.78; the Family Medical Leave Act, 29 U.S.C. § 2615(a)(2); the Food Safety Modernization Act, 21 U.S.C. § 399d; and, Title VII of the Civil Rights Act of 1964.

Defendants move to dismiss each of Plaintiff's five counts. As to Counts I and III, Defendants argue that Plaintiff has failed to allege a particular instance wherein he was denied compensation, and that Plaintiff fails to offer support for his assertion that Windsor exercises discretion in choosing the hours for which employees are paid. Defendants also argue that

Plaintiff fails to identify actual policies or instructions pertaining to employees' use of their lunch break. Alternatively, Defendants assert that even if Plaintiff's claims are not dismissed, damages are limited by the relevant statute of limitations, which Defendants assert are two years under both state and federal law (with FLSA violations being eligible for a third year of damages if the violations are proven to have been willful). Defendants also assert that Plaintiff's claims cannot survive as class claims, or as a collective action, pursuant to the terms of Federal Rule of Civil Procedure 23.

As to Count II, Defendants argue that Plaintiff has failed to articulate what contract governs the relationship between Plaintiff and Defendant; and that in fact, he cannot do so because Plaintiff was an at-will employee, and no such contract exists. Defendants argue that Count IV should be dismissed because Plaintiff has not pled a breach of fiduciary duty by the plan administrator as required to allege an ERISA violation, and furthermore, because Plaintiff has not pled any facts that suggest Windsor failed to comply with the language of the ERISA plan as it is actually written. Finally, with regard to Count V, Defendants argue that, whatever statute under which Plaintiff attempts to allege "retaliation," he has failed to meet the statutory pleading requirements, and his pleadings are disjointed, rambling, and generally incomprehensible.

Defendants also argue in the alternative that, even if the amended complaint survives the instant motion to dismiss, certain Defendants should be dismissed on other grounds. Defendants Windsor Quality Holdings LP and Windsor Quality Foods move for dismissal because they apparently merged into Defendant Ajinomoto Windsor, Inc., as of April 1, 2015. The six named individual Defendants move for dismissal from Counts I, II, III, and IV—the FLSA, contract, wage, and ERISA-based counts directed at Plaintiff's grievances with his employer. The

individual Defendants also seek dismissal from Count V, arguing that Plaintiff has failed to plead that they exercised supervisory authority over Plaintiff, and therefore, they cannot be implicated in any retaliation claim. Lastly, Defendants argue that two of the elements of relief sought by Plaintiff in his amended complaint must be stricken. Plaintiff seeks, among other categories of relief, a constructive trust upon Defendants' future stocks and proceeds and a preliminary injunction restraining Defendants from dissipating proceeds of a recent merger.

**Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 666 U.S. 662, 679 (2009) (citing Twombly, 550 U.S. at 556).

Further, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555, n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material

4

elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (internal quotation omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. Apr. 24, 2012) (citing Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). See also Russell v. City of Overland Police Dept., 838 F.Supp. 1350 (E.D. Mo. 1993). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Nickless, 2012 WL 1414849, at *4 (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Id. (citing Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002)).

**Discussion**

The Court will address each of the counts asserted by Plaintiff in turn.

*Class Claims*

First, as the Court has already set forth in its ruling on class certification, a pro se litigant is unable to serve as a class representative pursuant to the requirements of Federal Rule of Civil Procedure 23. Rule 23(a)(4) states that a prerequisite for certification of a class action lawsuit is a class representative who can "fairly and adequately protect the interests of the class."

Although a litigant may bring his own claims to federal court without counsel, he cannot represent the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). Therefore, without addressing Windsor's alternative arguments regarding this case's suitability for class treatment, the Court will dismiss Plaintiff's class and collective action claims.

The Court will proceed to analyze whether Plaintiff's causes of action can succeed as individual claims.

*Counts I and III*

Under the FLSA and the Missouri Wage Law, employers are required to pay employees a minimum wage for all hours worked, and must pay overtime compensation for hours worked in excess of forty hours per week. 29 U.S.C. Section 207(a)(1); Mo. Rev. Stat. § 290.505. The FLSA provides minimum and overtime pay scales for covered employees. 29 U.S.C. §§ 201–219. Similarly, Missouri law provides that "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505. An employer who violates the FLSA is liable for unpaid overtime compensation and "an additional equal amount as liquidated damages." See 29 U.S.C. § 216(b). The award of liquidated damages is not considered punitive, but is "intended in part to compensate employees for the delay in payment of wages owed under the FLSA." Hultgren v. County of Lancaster, 913 F.2d 498, 509 (8th Cir. 1990) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

Plaintiff has claimed that there are a litany of activities that he is expected to perform prior to and following his compensable work period, including donning appropriate protective

gear and performing hand exercises and washing. Plaintiff further claims that Windsor maintains two procedures for clocking time and simply selects which time they prefer. Plaintiff also claims that because the donning and doffing, and related activities, detracted from his uncompensated 30-minute lunch breaks, this is additional uncompensated time.

Plaintiff's allegations are sufficient to maintain an individual claim for a violation of the FLSA and Missouri's parallel wage laws. The Supreme Court has explained that "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity[,]'" making it compensable under the FLSA. IBP, Inc. v. Alvarez, 546 U.S. 21, 37 (2005). Moreover, contrary to Defendants' assertions, the Supreme Court has clearly held that donning and doffing protective gear—and even activities such as walking to and from locker rooms—are the precise sort of activities that may sometimes constitute integral and indispensable activities, compensable pursuant to the FLSA. Id.

Taking the allegations of the amended complaint as true, as this Court must, Plaintiff has alleged sufficient facts to maintain individual causes of action pursuant to the FLSA and Missouri's parallel wage statute. Thus, Defendants' motion to dismiss Counts I and III in their entirety will be denied as to Plaintiff's individual claims within those counts. However, the Court also determines that the statute of limitations for damages applies to these claims. The FLSA has a two-year statute of limitations for all actions to collect unpaid overtime. Willful violations of the FLSA have a three-year statute of limitations. 29 U.S.C. § 255(a). The parallel Missouri wage statute also provides for damages in the full amount of the wage rate and an additional equal amount as liquidated damages, and has a two-year statute of limitations for overtime wage claims. Mo. Rev. Stat. § 290.527. Because Plaintiff's amended complaint does allege willfulness (Doc. No. 10 at 9), and the Court assumes the veracity of such allegations at

this stage in the proceedings, Plaintiff will be limited to recovery for overtime wages within the three-year statute of limitations; his amended complaint is dismissed to the extent it prays for relief outside of the statute of limitations.

*Count II*

Next, the Court turns to whether Plaintiff has sufficiently alleged a claim for breach of contract based on the "employment agreement" between Plaintiff and Defendants. As Defendants have pointed out, Plaintiff did not submit the contract allegedly breached, nor does he describe with particularity the nature of any agreement between Plaintiff and Defendants beyond a general at-will employment relationship. Because this claim arises under common law, the Court must apply Missouri's substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001). In Missouri, in order to state a claim for breach of contract, the following elements must be pled: (1) the existence of a contract between the parties; (2) mutual obligations arising under its terms; (3) the party being sued failed to perform obligations imposed by the contract; and (4) the party seeking recovery was thereby damaged. Jackson v. Williams, Robinson, White & Rigler, P.C., 230 S.W.3d 345, 348 (Mo. Ct. App. 2007) (citing Superior Ins. Co. v. Universal Underwriters Ins. Co., 62 S.W.3d 110, 118 (Mo. Ct. App. 2001)).

At-will employment is considered a contractual relationship under Missouri law. See Skinner v. Martiz, Inc., 253 F.3d 337, 341 (8th Cir. 2001). The Eighth Circuit has explained:

> The Missouri courts thereby have been faithful to the at-will doctrine, which posits that in an at-will employment relationship either party may end the relationship at any time without any need to show cause. This cannot be taken to mean that at-will employees are bereft of any and all contractual rights, e.g., the right to treat the employer's failure to pay for work done by the employee prior to termination of the employment relationship as a breach of contract.

8

Id.

Thus, the Court finds that, taking the facts as true and liberally construing Plaintiff's amended complaint, he has sufficiently alleged that a contract between the parties existed, whereby Defendants (or, as explored later, at least the corporate Defendant) agreed to compensate Plaintiff for hours worked, and that Defendants failed to fully adhere to that agreement. Thus, Defendants' motion will be denied with respect to Count II.

*Count IV*

Next, the Court considers Plaintiff's purported claim under ERISA. In this Count, Plaintiff alleges that Defendants breached a "fiduciary duty" by failing to contribute the original amount agreed upon to the Plaintiff's covered plans, with the amount discrepancy again relating to Plaintiff's allegedly uncompensated work. The Eighth Circuit has explained:

> ERISA allows a plan participant to bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' 29 U.S.C. § 1132(a)(1)(B). Before filing in federal court, however, a claimant must exhaust the administrative remedies required under the particular ERISA plan.

Angevine v. Anheuser-Busch Companies Pension Plan, 646 F.3d 1034, 1037 (8th Cir. 2011). The exhaustion requirement is excused only when pursuit of the administrative remedy would be futile. See id. Plaintiff has not asserted that he has either pursued administrative remedies, or that doing so would be futile, and Defendants have submitted Plaintiff's plan procedures, which set forth a process that must be completed prior to filing suit in federal court. (Doc. No. 14-1 at 18-19.) Therefore, Count IV of Plaintiff's Amended Petition will be dismissed without prejudice.

*Count V*

Finally, the Court will address Count V, wherein Plaintiff alleges "retaliation," and appears to assert theories under several federal statutes. Unlike the remainder of Plaintiff's pleading, Count V is composed of many pages of facts and assertions relating to Plaintiff's employment with the Defendants, including minutia of his relationship with each individual Defendant and his various disciplinary encounters while an employee.

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Complaints that are "rambling and needlessly long and confusing" or complaints that contain "lengthy, irrelevant, and largely incomprehensible factual allegations" violate Rule 8. McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir. 2007). Courts cannot be expected to save cases by sifting through "rambling, and sometimes incomprehensible" pleadings. Fuentes v. Chavez, 314 Fed. Appx. 143, 145 (10th Cir. 2009). In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that if the plaintiff fails to comply with the rules, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b). Specifically, the Eighth Circuit has held that "[a] complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

With respect to Count V, the Court determines that Plaintiff's amended complaint fails to comply with Rule 8. It contains many pages of seemingly obscure details, and although it proclaims itself a claim for "retaliation," a number of federal statutes are mentioned on a haphazard basis throughout the count. The Court will not attempt to stitch together various facts from the allegations so as to satisfy pleading requirements for one or more of the numerous federal statutes cited. Therefore, the Court will dismiss Count V without prejudice.

*Corporate Defendants*

Next, the Court considers whether Defendants Windsor Quality Holdings LP and Windsor Quality Foods should be dismissed because they purportedly merged into Defendant Ajinomoto Windsor, Inc., as of April 1, 2015. Defendants assert that Ajinomoto Windsor, Inc., merged with Windsor Quality Holdings LP and Windsor Quality Foods and assumed all the liabilities of the latter companies. In support, Defendants submit recent filings from the Texas Secretary of State, including a Certificate of Merger. See Doc. No. 24-1. Plaintiff has not offered controverting evidence. Therefore, on the record as it is before the Court, all allegations against Defendants Windsor Quality Holdings LP and Windsor Quality Foods shall be dismissed without prejudice.

*Individual Defendants*

Plaintiff's only surviving claims are those arising under the FLSA and the parallel Missouri wage statute, as well as his state law claim for breach of contract. Thus, the Court will consider Defendants' alternative argument for dismissal of all individual Defendants with respect to these remaining claims.

Plaintiff's FLSA claims must be, by definition, alleged between Plaintiff and his employer. Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). The Eighth Circuit has explained that "[t]his means, at a minimum, that an individual employer must be 'responsible in whole or part for the alleged violation' to incur individual liability." Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013) (citing Riordan v. Kempiners, 831 F.2d 690, 694 (7th Cir. 1987)). In determining employer status, "economic reality" prevails over technical common law concepts of agency. Goldberg v. Whitaker, 366 U.S. 28, 33 (1961).

"Under the FLSA, the determination of whether a party is an employer is a question of law for the court." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991).

In Hill, the Court affirmed the district court's dismissal of an individual defendant and explained its reasoning as follows:

> While [Plaintiff] alleged that [the individual defendant] had the authority to fire her, she did not plead that [the individual defendant] controlled her compensation or made the decision not to pay her for accrued compensatory time. We agree with the district court that '[t]he mere fact that [the individual defendant]'s termination of [Plaintiff] eventually resulted in [Plaintiff] failing to receive payment for compensatory time . . . does not, by itself, make [the individual defendant] the person responsible for the State's failure to pay for any compensatory time allegedly owed to [Plaintiff].'

Hill, 737 F.3d at 1216.

The Court determines that here, Plaintiff has similarly failed to show that any of the individual Defendants named in his lawsuit were actually responsible for the corporate entity's failure to pay for compensatory time allegedly owed. Plaintiff's amended complaint summarily alleges that "Defendants have operational control of significant aspects of day to day functions, including compensation of employees, sign [sic] pay checks, control employment policies and handbooks." (Doc. No. 10 at 3.) Plaintiff also claims that "Defendants created policy that was designed by [the individual Defendants] [sic]." Id. However, the Court finds that these allegations amount to little more than legal conclusions. Even taking the allegations as true, they do not sufficiently establish that the named Defendants actually determined compensation policy with regard to Plaintiff. The individual Defendants also did not control the premises and equipment used for Plaintiff's work. It is possible that *some* of these individual Defendants had *some* of the responsibilities necessary to establish them as "employers" pursuant to the FLSA. But Plaintiff's complaint as submitted makes blanket, unspecific allegations with regard to these

several Defendants, and there is no basis for the Court to find that any named individual Defendant had sufficient control over Plaintiff to qualify him or her as an "employer" under the FLSA's very particular use of that term. Thus, these individuals Defendants' motions for dismissal from the FLSA claim will be granted without prejudice.

Similarly, under the Missouri wage statute, although "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee" Missouri law also explains that "this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, et seq., as amended, and any regulations promulgated thereunder." Mo. Rev. Stat. § 290.505. Missouri courts have set forth factors to determine whether a relationship qualifies as one between an employer and employee: (1) who has the power to hire and fire the worker; (2) who supervises and controls the worker's work schedule and conditions of work; (3) who determines the rate and method of payment of the worker; (4) who maintains work records; and (5) whether the alleged employers' premises and equipment were used for the plaintiff's work. See Tolentino v. Starwood Hotels & Resorts Worldwide Inc., 437 S.W.3d 754, 758 (Mo. 2014). The Court finds that for the reasons given in the preceding paragraph, Plaintiff has failed to allege with specificity that any of the several individual Defendants meet, on their own, the factors set forth above. Therefore, the individual Defendants shall also be dismissed, without prejudice, from Plaintiff's Missouri wage statute claims based on the insufficiency of Plaintiff's allegations.

Finally, with regard to the breach of contract claim, Plaintiff has failed to plead that any actual contract existed as between Plaintiff and any of the individual Defendants named in this lawsuit. Therefore, he cannot maintain his breach of contract action against any of the named

individual Defendants. Thus, Plaintiff's claims for breach of contract against the individual Defendants shall be dismissed.

*Plaintiff's Third and Fourth Elements of Relief*

Finally, Plaintiff has offered no opposition to Defendants' argument that the third and fourth elements of relief sought by Plaintiff (a constructive trust and preliminary injunction) should be stricken. These remedies are only available under extremely limited circumstances and require the presence of highly particularized facts. Therefore, the Court will strike these elements of relief as requested by Defendants.

The Court first declines to enter a preliminary injunction on behalf of Plaintiff. "A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Moreover, "whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (citation and quotation marks omitted). Preliminary relief is intended to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose, 42 F.3d at 471.

The Court finds that Plaintiff has not established a relationship between the preliminary injunction sought and the harm alleged in the complaint. Moreover, the Court finds that Plaintiff has not proffered any evidence of irreparable harm without an injunction, and neither does the public interest favor the Court's interference at this stage. No preliminary injunction shall issue at this point in the litigation.

The Court also declines to impose a constructive trust. Under Missouri law, "[a] constructive trust is a device employed by a court of equity to provide a remedy in cases of actual or constructive fraud or unjust enrichment." John R. Boyce Family Trust v. Snyder, 128 S.W.3d 630, 638 (Mo. Ct. App. 2004) (citation omitted). A plaintiff may seek to impose a constructive trust on property which is in the hands of a purported wrongdoer. But a constructive trust is not an appropriate remedy where the plaintiff brings only claims that would entitle him to monetary damages. Id. at 639 (finding that the trial erred in imposing a constructive trust because "[n]othing in the record shows that [plaintiff is] entitled to more than a money judgment"). Plaintiff in the instant matter has similarly failed to establish that a constructive trust is an appropriate remedy. See Scottrade, Inc. v. Variant, Inc., No. 4:13CV1710 RLW, 2015 WL 4605734, at *4 (E.D. Mo. July 30, 2015) (explaining that a constructive trust is an improper remedy where no traceable funds or property are identified as being in dispute). Thus, no constructive trust shall be imposed.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 13) is **DENIED** with regard to Counts I (FLSA), II (Breach of Contract), and III (Missouri wage law) with respect to Defendant Ajinomoto Windsor, Inc..

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. No. 13) is **GRANTED** with regard to Counts I (FLSA), II (Breach of Contract), and III (Missouri wage law) with respect to Defendants Windsor Quality Holdings, LP, Windsor Quality Foods, Greg Geib, Pam Cox, Gary Cox, Frank King, Karen Moore, and Shawn Dean.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. No. 13) is **GRANTED** with regard to Count IV (ERISA) with respect to all Defendants.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. No. 13) is **GRANTED** with regard to Count V (Retaliation) with respect to all Defendants.

**IT IS FINALLY ORDERED** that Plaintiff's third and fourth requested elements of relief (for a preliminary injunction and constructive trust) are **STRICKEN**.

Dated this 26th day of April, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE