UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES S. MURPHY, individually and on behalf of all others similarly situated, ) ) ) ) ) Plaintiff, ) ) v. ) ) AJINOMOTO WINDSOR, INC., ) ) Defendant. ) | Case No. 1:15-CV-0120-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Conditionally Certify Collective Action Class and to Facilitate Class Notice (Doc. No. 49). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

**Background**

This is an action for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500 et seq. Defendant Ajinomoto Windsor, Inc. ("Ajinomoto") manufactures and markets specialty frozen foods for consumers, commercial restaurants, and food service operators. (Second Amended Complaint ("SAC"), Doc. No. 47 at ¶ 16, 17) Plaintiffs are current and former hourly production-floor employees of Ajinomoto at its production facilities in Piedmont and Carthage, Missouri. Count I is brought as an "opt-in" collective action under the FLSA, § 216(b), on behalf of "[a]ll persons who were employed by [Ajinomoto] at their Carthage, Missouri, or Piedmont, Missouri, facilities as production-floor employees at any time from three years prior

1

to June 26, 2015, through the present." (SAC at ¶ 51) Count II is brought under the MMWL as a Federal Rule of Civil Procedure 23 class action on behalf of Plaintiff and "[a]ll persons who were employed by [Ajinomoto] at their Carthage, Missouri, or Piedmont, Missouri, facilities as production-floor employees at any time from two years prior to the commencement of this lawsuit." (Id. at ¶ 52) Counts III, IV and V assert state law claims for breach of contract, quantum meruit, and unjust enrichment on behalf of a Missouri straight-wage class, defined as "[a]ll persons who were employed by [Ajinomoto] at their Carthage, Missouri, or Piedmont, Missouri, facilities as production-floor employees at any time from five years prior to the commencement of this lawsuit." (Id. at ¶ 53)

Plaintiff alleges that Ajinomoto's production-floor employees were required to don and doff protective gear and perform sanitary activities before and after leaving the production line and during their designated 30-minute lunch breaks. Plaintiff claims these requirements were integral and indispensable to the employees' work and, therefore, principal activities under the FLSA. Plaintiff further alleges that Ajinomoto's policy of not compensating employees for these activities denied them overtime compensation required by the FLSA. (Id. at ¶¶ 20-29) Ajinomoto denies the allegations. (Doc. No. 48)

In his motion, Plaintiff requests the Court conditionally certify a collective action and authorize notice to the following class:

> All persons who were employed by Ajinomoto Windsor, Inc. and/or Windsor Quality Foods at their Carthage, Missouri, or Piedmont, Missouri, facilities as production-floor employees at any time from three years prior to June 26, 2015, through the present, and who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week for time spent donning and doffing protective gear or equipment, performing sanitary activities such as washing hands and utilizing a foot sanitizer, and walking to or from these activities to the production-line floor.

Ajinomoto opposes certification on the grounds that (1) Plaintiff has not demonstrated that he and the putative class members were subject to a common policy or plan to violate the FLSA (Doc. No. 50 at 3-6); (2) Plaintiff has not shown that the proposed class is comprised of similarly situated individuals (id. at 6-7); and (3) Plaintiff has not presented evidence that other similarly situated individuals desire to opt-in to this case (id. at 7-8). Alternatively, Defendants requests the Court narrow the proposed class to include only Piedmont line workers and amend Plaintiff's proposed notice. (Doc. No. 50 at 8-9)

**Legal Standard**

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an "opt-in" basis, requiring employees to provide their consent in writing to join the action. Id.; Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 WL 1433455, at *8 (E.D. Ark. Apr. 9, 2010).

The FLSA does not define the term "similarly situated." Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Moreover, the Eighth Circuit has not yet decided the standard for determining whether employees are "similarly situated." District courts in this circuit, however, consistently apply a two-step analysis to the question of conditional certification. See, e.g., Kennedy v. Boulevard Bank, No. 4:12CV40 JCH, 2012 WL 3637766, at *2 (E.D. Mo. August 22, 2012); Ondes v. Monsanto Co., No. 4:11CV197 JAR, 2011

3

WL 6152858, at *2 (E.D. Mo. Dec. 12, 2011); Perrin v. Papa John's Intern., Inc., No. 4:09CV1335 AGF, 2011 WL 4089251, at *2 (E.D. Mo. Sept. 14, 2011); Beasely v. GC Servs. LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); and Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

Under this two-step process, the plaintiff first moves for class certification at an early stage in the litigation. Kautsch, 504 F. Supp. 2d at 688. A plaintiff's burden when seeking conditional certification is not onerous and the merits of a plaintiff's claims are not considered. Id. Plaintiffs can meet this burden by making a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan. Ondes, 2011 WL 6152858, at *3 (citations omitted). The plaintiff "need not show that members of the conditionally certified class are actually similarly situated." Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) (internal quotations and citation omitted). The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage. Perrin, 2011 WL 4089251, *3 (citing Luiken v. Domino's Pizza, LLC, No. 09-516 (DWF/AJB), 2010 WL 2545875, at *2 (D. Minn. June 21, 2010)). "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." Id. (internal quotations and citation omitted).

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 WL 1433455, at *3; Beasley, 270 F.R.D. at 444; Dernovish, 2010 WL 143692, at *1. This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. "If the claims are not similarly situated, the Court decertifies the class and the opt-in plaintiffs are dismissed without prejudice." Garner v. Regis

Corp., No. 03-5037, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004) (citation omitted). It is under this general framework that the Court analyzes Plaintiff's motion to conditionally certify the class.

**Discussion**

To support his claim that he and other production-floor employees are similarly situated, Plaintiff provides a declaration stating that throughout the course of his employment as a line worker at Ajinomoto's Piedmont facility, he was required to don and doff protective gear and perform sanitary activities. (Declaration of James Murphy (Murphy Decl.), Doc. No. 49-1 at ¶ 5) During this time, Plaintiff was unaware of any line workers, regardless of title or position, who were exempt from these requirements; the requirements were consistent for all line workers. (Id. at ¶ 6)

Ajinomoto requires its production-floor employees to wear protective equipment, including smocks, hairnets, hearing protection, and latex gloves. (Id. at ¶ 5) Employees must don and doff the equipment before and after their "line time," i.e., at the beginning of the day, before lunch, after lunch, and at the end of the day. (Id. at ¶ 12) Ajinomoto also requires production-floor employees to perform various "sanitary activities" before entering and upon leaving the production floor, which activities include hand exercises, washing hands, walking through a foot sanitizing bath, and walking to and from the production floor. Employees perform these sanitary activities, as required by Ajinomoto, before donning and after doffing their protective gear. (Id. at ¶¶ 8-9)

Production-floor employees clock in and out upon arriving and leaving the facility. Ajinomoto rounds these clock-in and clock-out times down to the nearest quarter hour. (Id. at ¶ 7) Ajinomoto also requires employees to keep their time manually and sign in and out at their

5

"shift time," regardless of when the employees actually report to, or leave, the production line. (Id. at ¶ 10.) Ajinomoto only pays its employees for their "scheduled shift time" on the line; it does not pay employees for time spent donning and doffing or performing sanitary activities. (Id. at ¶¶ 11-12, 14) Ajinomoto management informed Plaintiff that the policies and procedures for production-floor employees at the Piedmont facility are based on the policies and procedures at the Carthage facility. (Id. at ¶ 4)

Plaintiff states he regularly worked over forty hours a week but was not paid for time spent putting on protective equipment or performing sanitary activities, including the time spent walking to and from the production floor. Plaintiff further states that he does not know anyone who works, or worked, as an hourly production-line employee at Ajinomoto who has been fully compensated for the above-mentioned activities. (Id. at ¶ 15)

**Common policy or plan**

Ajinomoto argues the Court should deny conditional class certification because the only basis for his allegation of a common policy or plan across the Piedmont and Carthage facilities is the statement of an unidentified member of Ajinomoto management that the Piedmont policies and procedures are "based on" the Carthage policies and procedures. (Doc. No. 50 at 3) Ajinomoto points to two specific differences between the facilities related to timekeeping which undermine Plaintiff's allegation that the policies are universal. First, employees at the Carthage facility do not sign in or out on the production floor, unlike the manual sign in/out procedure at Piedmont. (See Declaration of Dee Carter (Carter Decl.), Doc. No. 50-1 at ¶ 5) Second, Carthage employees take two paid breaks during the work day as opposed to the one 30-minute meal break at Piedmont. (Id. at ¶ 6) In reply, Plaintiff contends that Ajinomoto's real opposition is to the

6

scope of the proposed class, and specifically, whether the class should include workers from both the Piedmont and Carthage facilities. (Doc. No. 53 at 1)

The Court finds Plaintiff's allegations of a common policy or plan insufficient for certification of a class of production floor employees at both the Piedmont and Carthage facilities. Plaintiff's entire tenure with Ajinomoto has been at the Piedmont facility; he has never worked at the Carthage facility. Plaintiff's declaration does not establish any personal knowledge regarding the policies or practices at the Carthage facility, and he has not identified a single Carthage employee to confirm that the procedures described at Piedmont are the same as those at Carthage. Plaintiff's only claimed knowledge is from an unidentified person alleged to be a part of management at Ajinomoto which is insufficient. There is, however, a sufficient factual basis to support Plaintiff's allegation of a common policy or plan at the Piedmont facility, based on his declaration that he worked at that facility for ten years, regularly worked over forty hours a week, and was not paid for time spent putting on the protective equipment or performing the sanitary activities Ajinomoto required. (Murphy Decl. at ¶¶ 3, 11) Accordingly, Ajinomoto's alternate request that the proposed class be amended to include only the Piedmont line workers (Doc. No. 50 at 8) will be granted.

### Similarly situated

Next, Ajinomoto argues the Court should deny conditional class certification because Plaintiff has not demonstrated that the proposed class, i.e., "production floor employees," is similarly situated. Ajinomoto complains that Plaintiff's proposed class would seemingly include every hourly employee in any position on the production floor regardless of job title, managerial level, job responsibilities, or geographic location, whereas his declaration only addresses a subset of production floor employees, i.e., line workers. (Doc. No. 50 at 6) Plaintiff replies that his

7

proposed class is identifiable and limited to production floor employees who donned and doffed protective equipment and performed sanitary activities without compensation. (Doc. No. 53 at 3)

Class members need not be identically situated to be similarly situated; the "similarly situated" threshold requires only a modest factual showing. Fast v. Applebee's Intern., Inc., 243 F.R.D. 360, 363-64 (W.D. Mo. 2007) (citations omitted). Simply identifying differences between the parties is not enough to defeat a motion for class certification at this notice stage. Ondes, 2011 WL 6152858, at *6 (citing Helmert v. Butterball, LLC, No. 4:08CV00342 JLH, 2009 WL 5066759, at *3 (E.D. Ark. Dec. 15, 2009)). Even if these differences may affect the plaintiffs' ability to prove liability, the Court does not reach the merits of the parties' claims and defenses at the certification stage. Id. As long as the plaintiffs provide evidence that the proposed class members were victims of the same policy or plan, conditional certification is appropriate. Helmert, 2009 WL 5066759, at *3. Here, Plaintiff's declaration provides enough evidence at this stage to demonstrate that members of the proposed class (as limited to the Piedmont facility) were subject to a common policy against compensating employees for the full amount of time spent donning and doffing protective gear, performing sanitary activities, and walking to and from the production areas throughout each continuous workday. Thus, Plaintiff is similarly situated to the proposed class members for the purpose of conditional certification.

**Desire to participate in litigation**

Finally, Ajinomoto argues the Court should deny conditional class certification because Plaintiff has produced no evidence that other similarly situated individuals desire to opt-in to this case. (Doc. No. 50 at 7-8) The Court does not require evidence that potential class members desire to opt-in at the first stage of certification. Ondes, 2011 WL 6152858, at *5 (citing Kautsch, 504 F. Supp. 2d at 690 n. 1). The Court agrees that such a rule "'would essentially force

8

plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs.'" Id. (quoting Helmert, 2009 WL 5066759, at *5). "Furthermore, requiring named plaintiffs to contact potential class members to survey their interest in opting in to the litigation before sending the class members official notice of the litigation would unnecessarily give rise to potential ethical issues." Id. Accordingly, at this stage of the litigation, the Court will allow conditional class certification based on Plaintiff's declaration and without specific evidence of other individuals interested in joining the class.

**Notice to potential class members**

Ajinomoto requests certain amendments to Plaintiff's proposed Notice. First, Ajinomoto requests the case caption be included on the Notice so that potential plaintiffs can access the litigation and its history. Plaintiff has no objection (Doc. No. 53 at 4) and the Court will grant this request.

Second, Ajinomoto requests that Plaintiff's full name be listed in the first bullet point paragraph of the Notice ("James Murphy, a former employee, has sued Windsor ...") and in the caption included in Section 1 ("Why did I get this notice?"). Plaintiff contends these revisions are unnecessary if the case caption is added to the Notice since it includes his full name. (Id.) This action was filed on June 26, 2015 by Plaintiff pro se, on behalf of himself and others similarly situated, against multiple defendants, alleging claims for breach of contract, retaliation, and violations of the FLSA and MMWL. Plaintiff amended his complaint on October 8, 2015, adding a claim for ERISA violations. On April 26, 2016, the Court dismissed Plaintiff's claims against all defendants except Ajinomoto; as to Ajinomoto, the Court dismissed Plaintiff's ERISA and retaliation claims, leaving his individual FLSA, MMWL and breach of contract claims

9

pending.[1] On May 31, 2016, Plaintiff retained counsel. He amended his complaint a second time and filed the instant motion for conditional certification. Given the procedural background of this case, the Court will grant Ajinomoto's request to amend the Notice to list Plaintiff's name in the first bullet-point paragraph of the Notice and in the caption included in Section I to insure that potential plaintiffs are fully aware that Plaintiff is serving as the class representative.

Third, Ajinomoto requests that the "ASK TO BE INCLUDED" section of the first page of the proposed Notice be amended to include the following:

> While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

Because this language is already included in the "What happens if I join the lawsuit" section of the proposed Notice (see Doc. No. 49-2 at 5), Ajinomoto's request will be denied as moot.

Fourth, Ajinomoto requests that the Notice inform potential plaintiffs of the possible costs they might incur by joining the lawsuit. Because this notice might discourage plaintiffs from joining the litigation, the request is denied. Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) (denying a similar request).

Finally, Ajinomoto contends that a period of 45 days for potential parties to opt-in under section 216(b) is adequate. Upon consideration, the Court finds a 90-day notice period appropriate.

Thus, Plaintiff's proposed Notice to potential class members is approved, pending three revisions. First, the case caption shall be included on the Notice. Second, Plaintiff's full name shall be listed in the first bullet point paragraph of the Notice ("James Murphy, a former employee, has sued Windsor ...") and in the caption included in Section 1 ("Why did I get this

---

[1] Because class representatives cannot appear pro se, the Court dismissed these claims as class or

notice?"). Third, the opt-in period shall be 90 days. Plaintiff's proposed consent to join form is also approved.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for conditional collective action certification will be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify Collective Action Class and to Facilitate Class Notice [49] is **GRANTED** in part, and the Court conditionally certifies a class of:

> All persons who were employed by Ajinomoto Windsor, Inc. and/or Windsor Quality Foods at their Piedmont, Missouri, facilities as production-floor employees at any time from three years prior to June 26, 2015, through the present, and who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week for time spent donning and doffing protective gear or equipment, performing sanitary activities such as washing hands and utilizing a foot sanitizer, and walking to or from these activities to the production-line floor.

**IT IS FURTHER ORDERED** that Plaintiff James S. Murphy is conditionally authorized to act as class representative.

**IT IS FURTHER ORDERED** that the Edgar Law Firm is authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Plaintiff shall file his amended proposed Notice of Lawsuit and Consent to Join Collective Action against Ajinomoto Windsor, Inc. on or before **April 14, 2017**.

---

collective claims. (See Doc. No. 35)

**IT IS FURTHER ORDERED** that Ajinomoto Windsor, Inc. is granted until **April 30, 2017** within which to make any written objections to Plaintiffs' amended proposed Notice of Lawsuit against Ajinomoto Windsor, Inc.

**IT IS FINALLY ORDERED** that Ajinomoto Windsor, Inc. shall provide Plaintiff's counsel with the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this suit on or before **May 15, 2017**.

Dated this 30th day of March, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE